## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALLISON WARREN, CHESTER DAMPIER, SHERRI MULLINAX, AND EVELYN CLEM, individually and on behalf of all others similarly situated, ) ) ) ) ) ) ) | |
| PLAINTIFFS, ) ) | CASE NO: 1:15-cv-00603 |
| V. ) COOK SALES, INC., ) AND COOK PORTABLE ) WAREHOUSES OF MISSISSIPPI, ) LLC, d/b/a COOK PORTABLE ) WAREHOUSES, ) ) | JURY DEMAND |
| DEFENDANT. ) | |

## COLLECTIVE ACTION COMPLAINIT

### I.     INTRODUCTION

1. This is a legal action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq., brought by Allison Warren, Chester Dampier, Sherri Mullinax, and Evelyn Clem, individually and on behalf of all other similarly-situated sales representatives (hereinafter collectively referred to as "Plaintiffs") pursuant to 29 U.S.C. Section 216(b), against Cook Sales, Inc., and Cook Portable Warehouses of Mississippi, LLC, d/b/a Cook Portable Warehouses (hereinafter "Cook" or "Defendants").

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction of this legal action pursuant to 28 U.S.C. Sections 1331 and 1367. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. Section 1391 as the Defendants conduct their business through sales representatives in this District, and substantial acts and omissions giving rise to the claims in this case have occurred within this District.

3.     The FLSA does not require the exhaustion of administrative remedies.

## III.     PARTIES

4.     Allison Warren is a resident of the State of Alabama, and was employed by Cook as a sales representative in one of their Robertsdale, Alabama business locations from March 15, 2013 until March 1, 2015.

5.     Chester Dampier is a resident of the State of Florida, and was employed by Cook as a sales representative in one of their Pensacola business locations from March 15, 2013 until May 5, 2014.

6.     Sheri Mullinax is a resident of the State of Mississippi, and has been employed by Cooks as a sales representative in one of their Hattiesburg, Mississippi business locations from February 28, 2011 to June 24, 2015.

7. Evelyn Clem is a resident of the State of Alabama, and was employed by Cooks as a sales representative in one of their Robertsdale, Alabama business locations from January of 2013 until June of 2013.

8. At all times material to this legal action, Plaintiffs have been "employees" of the Defendants for purposes of 29 U.S.C. §203(e). As sales representatives employed by the Defendants, Plaintiffs have been engaged in commerce and in the production of goods for commerce, as that phrase is defined within the meaning of the FLSA, 29 U.S.C. § 203.

9. The Defendants are in the business of manufacturing portable warehouses that vary in size, but are typically used by home-owners to store their personal property. Defendants have "sales sites" or "sales lots" in numerous states throughout the United States, and have multiple sales sites/sales lots within many of these states.

10. Defendants are organized and existing under the laws of The State of Illinois and are headquartered in Anna, Illinois.

11. Defendants are authorized to sell their portable warehouses in numerous states, including in Alabama, Florida, Mississippi, and Louisiana. The Defendants specifically employ sales representatives to sell their warehouses within the Southern District of Alabama.

12. Defendants are "employers" and "enterprises engaged in commerce or in the production of goods for commerce," as defined in the FLSA (29 U.S.C. § 203).

## IV. **FACTS**

13. Plaintiffs are or were employed by Defendants as sales representatives and/or lot managers at all times material to this complaint. The duties of the Plaintiffs as sales representatives includes, but are not limited to: the opening and

closing of their sales sites/lots; the sale and rental of warehouses; preparing sales and rental contracts; faxing contracts and other documents, such as daily time sheets, to the home office; keeping the sales and rental premises clean; conducting inventories of buildings; servicing customers; answering phone calls; driving to perform field site inspections for new customer buildings; going to the bank to make deposits; and going to the post office to mail contracts to the corporate offices of the Defendants.

14.  In performing their duties and responsibilities as sales representatives, the Plaintiffs do not supervise other employees of the Defendants.

15.  At all times material to the issues contained in this Complaint, Plaintiffs have been responsible for performing only their own work and have not had any administrative or management responsibilities, as those terms are used in connection with the FLSA.

16.  The work performed by the Plaintiffs requires only minimal amounts of discretion and/or independent judgment.

17.  Defendants closely monitor Plaintiffs compliance with their guidelines, policies, and procedures by reviewing, on a daily basis, all documents which the Plaintiffs send to corporate headquarters by fax, and by numerous on-site visits by their district supervisors.

18.  The Plaintiffs use time sheets to keep a daily record of all hours they work. According to the Defendants, the Plaintiffs' official hours of work are from 10:00 am to 5:30 pm, Monday through Friday, and from 10:00 am to 4:30 pm on Saturday, with a 30 minute lunch Break each day worked.

19.  As the Defendants require the Plaintiffs to be at work early and to stay

late, especially when they are working with potential renters or buyers, their actual hours of work are routinely more than 40 hours per week.

20. Even though the Defendants know that the Plaintiffs are working in excess of 40 hours per week, they do not allow the Plaintiffs to report more than 40 hours of work per week, regardless of how many hours they actually work.

21. Plaintiffs are paid a base hourly rate of $7.50 per hour by Defendants for up to 40 hours of work per week. However, their base pay is never more than $300.00 a week and often is less than this sum if they miss time for any reason during the work week.

22. Defendants also promise to pay the Plaintiffs a flat commission of 4% on all sales of any portable buildings and 5% on all rentals of these buildings. However, these commissions are only paid sporadically, if at all.

23. As a result of the Defendants' continual pressure on the Plaintiffs to make more sales and rentals, and to keep the Defendants' customers happy no matter how much of their time it takes, the Plaintiffs are routinely required to work from 43 to 55 hours per week, or more.

24. Pursuant to the FLSA, the Plaintiffs are supposed to be paid at least one and one-half times their respective regular rates of pay for each hour in excess of forty hours they work in any workweek pursuant to 29 U.S.C. Section 207.

25. The Defendants in this case have failed to properly pay overtime wages to the Plaintiffs as required by 29 U.S.C. § 207.

26. Defendants have further systematically failed and/or refused to keep accurate time records for the hours actually worked by its sales representatives in violation of the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs bring this legal action on their own behalf and on behalf of all other sales representatives similarly-situated to them pursuant to 29 U.S.C. § 216(b).

28. There are numerous other similarly-situated, present and former, sales representatives who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of, and the opportunity to join, the present lawsuit. The other similarly-situated sales representatives are known to the Defendants and are readily identifiable and locatable through Defendants' records. Specifically, these Plaintiffs would include all similarly-situated, present and former, sales representatives of the Defendants who: (i) have been employed by the Defendants within the last three years; (ii) have worked overtime and have not been properly compensated for their work; and (iii) would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit.

29. Defendants have further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to properly pay the Plaintiffs, and all other similarly-situated, present and former, sales representatives in accordance with Section 207 of the FLSA.

30. As a result of the Defendants' violations of the FLSA, the named Plaintiffs, as well as all other similarly-situated sales representatives of the Defendants, have suffered damages by failing to receive proper overtime wages in accordance with Section 207 of the FLSA.

31. In addition to the unpaid wages owed to the Plaintiffs and all similarly-situated sales representatives of the Defendants, the Plaintiffs are also entitled to recover an equal additional amount as liquidated damages, pursuant to 29 U.S.C. Section 216(b), and prejudgment interest.

32. Defendants' actions in failing to properly compensate the Plaintiffs, as well as all similarly-situated sales representatives, in violation of the FLSA, has been willful.

33. Defendants have not made a good faith effort to comply with the FLSA.

34. Plaintiffs, and all other similarly-situated sales representatives, are also entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

## VI.   COUNT I - FLSA OVERTIME WAGE CLAIM

35. Plaintiffs incorporate each and every allegation as though fully set forth herein.

36. As more fully set forth above, Plaintiffs are either non-exempt employees entitled to overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty hours in a given week, or exempt employees under 207(i), who must be paid at least the equivalent of one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are worked.

37. As more fully set out above, Plaintiffs have not been paid such overtime wages, in violation of the FLSA (29 U.S.C. § 207).

38. Defendants owe Plaintiffs the overtime wages and liquidated damages mandated by the FLSA, 29 U.S.C. § 207 and § 216(b).

39. Plaintiffs and the collective members have been damaged in the amount of their lost overtime wages.

40. The collective is entitled to a judgment for actual damages, liquidated damages, attorney's fees and costs. *See* 29 U.S.C. § 216(b).

41. Plaintiffs are entitled to any other relief which the Court may deem just and appropriate to redress the harm inflicted by Defendants and to prevent further violations of the law.

WHEREFORE, Plaintiffs pray the Court to:

a. Enter an Order that this case shall proceed as a collective action under 29 U.S.C. 216 (b) with Plaintiffs as collective representatives, and Plaintiffs' counsel as the counsel for the collective;

b. At the earliest possible time, allow the Plaintiffs to give notice, or issue such notice itself, to all those who are or have been similarly-situated to the Plaintiffs, and have been employed by Defendants within the last three years;

c. Enter final judgment in favor of the collective for actual damages in the amount proven at trial;

d. Enter final judgment in favor of the Plaintiffs and the collective for liquidated damages in an amount equal to the aggregate underpayment of wages as proven at trial and/or prejudgment interest;

e. Enter final judgment in favor of the collective and against Defendants, reimbursing all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees and expenses;

  f. Enter an order which sets forth the terms for the distribution of all sums recovered in this action to collective members, including a provision that awards to Plaintiffs, as representative parties, appropriate compensation for having performed the duties of collective representatives;

  g. Enjoin Defendants from requiring their sales representatives to work in excess of forty hours in any workweek without paying them under the applicable overtime statutes as set out under FLSA;

  h. Award such other and further relief as the Court deems just and equitable;

  i. Plaintiff further demands a jury to try the issues when joined.

## **JURY DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Dated: _____

Respectfully Submitted:

/s/ Robert F. Childs, Jr.
Robert F. Childs, Jr.
rchilds@wigginschilds.com
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

/s/ Robert C. Epperson
Robert C. Epperson
repperson@rcelaw.com
Attorney at Law
P. O. Box 477
Foley, AL 36536
(251) 943-8870
repperson@rcelaw.com

*Counsel for Plaintiff*

**Plaintiffs request this Honorable Court to serve via certified mail upon the Defendants the following: Summons, Complaint.**

**Defendants' Addresses:**

Cook Sales, Inc.
Greg N. Cook, Reg. Agent
P.O. Box 687
Anna, IL 62906

Cook Portable Warehouses of Mississippi, LLC
Greg N. Cook, Reg. Agent
3455 Old Highway 51 North
Cobden, IL 62920

11