IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLISON WARREN, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION 15-0603-WS-M |
| | ) |
| COOK SALES, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

      This matter comes before the Court on the parties' filing styled "Joint Motion to Stay Proceedings Pending Mediation" (doc. 31). In their Joint Motion, the parties request a stay of all proceedings in this putative FLSA collective action pending the outcome of mediation, which is slated to occur on May 25, 2016.

      District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances"). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).

As the Court understands the Joint Motion, the parties' objective in requesting the stay is to obtain a window of opportunity to explore resolution of their dispute via mediation without (i) continuing to accrue litigation-related expenses and (ii) adjusting to potentially game-changing court rulings (such as adjudication of the pending Motion for Conditional Certification) in the interim.  The Court supports the parties' proactive efforts to explore whether an amicable compromise of their dispute is possible before plunging further down the expensive, time-consuming path of litigation.  In terms of the foregoing principles, the undersigned concludes that a stay is likely to simplify the issues in question, streamline the issues for trial, and reduce the burdens of litigation on Court and parties alike.  More concisely, there are considerable benefits to staying this action to enable the parties to focus their efforts on reaching an amicable resolution in the short term.  This type of circumstance may be a compelling reason for a stay. *See, e.g., Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate").

For the foregoing reasons, the Joint Motion to Stay Proceedings (doc. 31) is **granted**, and all proceedings (including, without limitation, briefing of the Motion for Conditional Certification and defendant's recent Motion to Strike) in this case are hereby **stayed** through and including **June 3, 2016**.  The parties are **ordered** to file a joint report documenting the status of their settlement negotiations and the outcome of mediation by no later than **June 1, 2016**.

There is, however, a caveat.  Ordinarily, litigation and settlement negotiations are concurrent, not alternate, tracks.  The Court will not allow this action to sit idle for an indefinite period of time while negotiations are conducted.  The 80+ day stay the parties have requested is lengthy, and the Court will not be inclined to extend it absent a compelling showing of good cause and diligence.  Accordingly, the parties are strongly encouraged to make good use of this temporary stay to explore whether a compromise settlement is achievable.  Should settlement not be reached within the allotted time period, the Court may lift the stay and enter an amended briefing schedule to finalize briefing on the pending motions without delay.

DONE and ORDERED this 10th day of March, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE